UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN HORTON,

                Petitioner,

v.                                        9:20-CV-1461
                                               (GTS)

EARL BELL, in his capacity as Superintendent of
Clinton Correctional Facility,

                Respondent.
_____

APPEARANCES:                                        OF COUNSEL:

BENJAMIN HORTON
Petitioner, pro se
16-A-3539
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

GLENN T. SUDDABY
United States Chief District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

       Petitioner Benjamin Horton seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] On January 20, 2021, the Court directed petitioner to file an affirmation clarifying the procedural posture of any pending actions in state court. Dkt. No. 8, Decision and Order ("January Order"). Petitioner has timely filed said affirmation. Dkt. No. 11, Affirmation ("Aff.").

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

## II.    DISCUSSION

Petitioner's affirmation fully complies with the Court's January Order and discusses the procedural posture of his state court proceedings. *See generally* Aff. Specifically, petitioner reports that he filed his motion to vacate his conviction, pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"), with the Schenectady County Court on November 16, 2020. Aff. at 1. The People were given until January 29, 2021, to file a response; however, as of February 1, 2021, petitioner had not yet received their opposition. *Id.*

To properly exhaust his claims, petitioner must do so both procedurally and substantively. Procedural exhaustion requires that the petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Substantive exhaustion requires that the petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is clear that petitioner has not exhausted his state court remedies because petitioner asserted, and has recently confirmed, that his properly filed 440 motion is currently pending. Pet. at 7, 9; Aff. at 1. Accordingly, the highest state court capable of reviewing petitioner's claims has not yet had the opportunity to do so. *See Brown v. Ercole*, No. 1:07-

CV-2611, 2007 WL 2769448, at *1 (E.D.N.Y. Sept. 21, 2007) (explaining that tolling pursuant to the AEDPA occurs "while state post-conviction motions are pending. . . . Therefore, once the Court of Appeals issued its order denying leave to appeal, the *coram nobis* petition was no longer pending because no further state court remedies were available.").

There is no basis on the record before this Court to conclude that there is an absence of available State corrective process (*e.g.*, where there is no further state proceeding for a petitioner to pursue) or circumstances exist that render that state court process ineffective to protect petitioner's rights (*e.g.* where further pursuit would be futile). 28 U.S.C. § 2254(b)(1)(B)(i), (ii); *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000). Petitioner has state court remedies available to him, and is in the process of exhausting those remedies by pursuing his collateral 440 motion. It is not futile to require him to complete exhaustion of his state court remedies before pursuing a federal habeas petition.

However, while petitioner's papers do not reflect his awareness that his petition was filed prematurely as a protective filing, to the extent that petitioner may be understood to request that this action be stayed and his petition held in abeyance, that request is granted. The Supreme Court has stated, in dicta, that a habeas petitioner "might avoid" the application of the statute of limitations resulting from "reasonable confusion" about the timeliness of a state filling "by filing a 'protective' petition in federal court and asking the federal court to stay and abey" the habeas proceedings. *Pace v. Diguglielmo*, 544 U.S. 408, 416 (2005); *see also Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001) (noting that a stay and abeyance may be warranted "where an outright dismissal" of a mixed petition "could jeopardize the timeliness of a collateral attack") (internal quotation marks omitted). However,

3

*"Pace* suggests that whether a stay and abeyance is appropriate in a particular case is governed by the" considerations set forth in *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). *Rivera v. Kaplan*, No. 1:17-CV-2257, 2017 WL 3017713, at *2 (S.D.N.Y. July 13, 2017). Under *Rhines*, a stay and abeyance should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." 544 U.S. at 277.

Normally, an unexhausted petition would be dismissed without prejudice with a right to renew when state court remedies have concluded. *See Diguglielmo v. Senkowski*, 42 F. App'x. 492, 496 (2d Cir. 2002) (summary order) ("[B]ecause the New York Court of Appeals has not yet had an opportunity to address DiGuglielmo's federal claims, comity requires that we allow that court an opportunity to do so. Accordingly, we dismiss DiGuglielmo's petition without prejudice. This will allow DiGuglielmo to pursue any procedural options available to him in New York state court, and then take whatever steps may be appropriate to return to federal court if necessary.") (footnote omitted). So, in this case, if the stay were to be denied, the petition would be dismissed without prejudice. *Id.*

However, a stay is not only "preferable . . . [but] the only appropriate course . . . where an outright dismissal could jeopardize the timeliness of a collateral attack." *Zarvela*, 254 F.3d at 380 (internal quotations and citations omitted). Here, it appears that dismissal of the petition without prejudice may result in any future petition being subject to dismissal as time-barred. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v.*

*Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on November 20, 2019, when the time to seek certiorari had expired. Therefore, petitioner had until November 19, 2020, to timely file a habeas petition. The petition was placed into the mail at the correctional facility on November 19, 2020.[2] Dkt. No. 1-1 at 1. Thus, it appears that the petition was timely filed.

Petitioner's affidavit indicates that, assuming his state court collateral challenge was properly filed, statutory tolling would apply for the time that the 440 motion is pending in state court. However, petitioner filed his 440 motion on November 16, 2020, after 362 days of the limitations period had elapsed. Accordingly, after the state court remedies come to a conclusion, petitioner would only have three days to timely re-file the present petition. Given the extremely short duration of time between the end of statutory tolling and the expiration of the statute of limitations, a dismissal of the petition without prejudice at this point may result in any future petition being subject to dismissal as time-barred.

Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

Therefore, the petition is stayed pending petitioner's exhaustion of his state court remedies. However, federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017) (same); *Zarvela*, 254 F.3d at 381 (addressing "the

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion."). Therefore, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached.

**Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings.

### III. CONCLUSION

**WHEREFORE**, it is

**ORDERED**, that the petition, Dkt. No. 1, is **STAYED**; and it is further

**ORDERED**, that petitioner must advise the Court in writing, **every thirty (30) days**, **beginning thirty (30) days from the date of this Decision and Order**, on the status of the pending state court application, including the date upon which any decision is reached; and it is further

**ORDERED**, that **within thirty (30) days of the date upon which the final state court capable of reviewing petitioner's application reaches a decision**, petitioner must notify the Court of that decision; and it is further

**ORDERED**, that if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings;

and it is further

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

Dated: February 19, 2021
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge