UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN HORTON,

                      Petitioner,

v.                                              9:20-CV-1461
                                                          (GTS)

EARL BELL,

                      Respondent.
_____

APPEARANCES:                                       OF COUNSEL:

BENJAMIN HORTON
16-A-3539
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. LETITIA JAMES                          PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                       Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

Petitioner Benjamin Horton seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also filed an application to proceed in forma pauperis ("IFP"), as well as a motion for court-appointed counsel. Dkt. No. 2, IFP Application; Dkt. No. 3, Motion. The Court denied petitioner's request and directed him to file an affirmation

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

clarifying the procedural posture of any pending actions in state court. Dkt. No. 8, Decision and Order ("January Order"). Petitioner timely filed said affirmation. Dkt. No. 11, Affirmation ("Aff.").

On February 19, 2021, the Court stayed the petition to allow petitioner to exhaust his state court remedies. Dkt. No. 12, Decision and Order ("February Order"). In compliance with the February Order, petitioner began filing status reports with the Court. Dkt. Nos. 13, 15, 17, Status Reports.

After receiving petitioner's April Status Report, the Court issued a Decision and Order directing petitioner to clarify whether he wished the stay to be lifted in the case. Dkt. No. 17, Status Report; Dkt. No. 18, Decision and Order ("May Order"). Petitioner timely filed a May Status Report; however, petitioner's instructions therein were contradictory. Dkt. No. 19, Status Report. Accordingly, petitioner was again asked to clarify his position and provide the Court with a copy of the correspondence from the Appellate Division. Dkt. No. 20, Text Order.

Petitioner provided his July Status Report. Dkt. No. 21, Status Report. The Status Report included a letter, written to petitioner from the Clerk's Office of the Appellate Division, Third Department, which referenced a letter received by the Third Department on April 23, 2021. *Id.* at 3. However, the referenced letter was not attached, and petitioner has been unable to acquire it. *Id.* at 1, 3. The Court was still unclear whether petitioner had successfully exhausted his state court remedies; however, because petitioner did not indicate that there was an appeal pending and because he previously requested the stay be lifted, the Court lifted the stay. Dkt. No. 22, Decision and Order ("July Order").

A non-party then filed a submission, on petitioner's behalf, which was stricken from the

record.  *See* Dkt. No. 24, Submission; Dkt. No. 25, Text Order (striking entry).  In that Order, the Court explained that

> Given the provisions of N.D.N.Y.L.R. 5.2 and prevailing case law, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006), the submission [wa]s sealed. Further, the Clerk of the Court [wa]s directed to STRIKE the submission because it was filed by a non-party to the present action.  Petitioner [wa]s reminded that only a party or an attorney representing a party can file papers in this action.  Because th[e] submission [wa]s . . . stricken from the docket, it will not be considered by the Court.

Dkt. No. 25, Text Order.

Petitioner has filed a motion to reconsider the above text order.  Dkt. No. 26.  In his letter, petitioner argues that reconsideration is proper because his "case is all about and only about the person in this letter . . . and the petitioner was being set up and all the courts have done nothing."  *Id.* at 1.  Petitioner asserts that this same submission, which was stricken from the Court's docket, was "sent to the Appellate Courts and the Appellate Court sent it to both District Attorneys that did nothing but hide it and sweep it under the rug."  *Id.*  Petitioner contends that this letter should be included in the documents presently filed on the Court's docket.  It appears that petitioner is speaking about the letter which was referenced in, but not attached to, petitioner's July Status Report.

Petitioner reasserts his prior arguments that an attorney would help facilitate the marshaling and presentation of documents, like this particular submission.  Dkt. No. 26 at 2.  Petitioner contends that he would be breaking the terms of a protective order if he had to acquire and submit the document to the Court himself.  *Id.*

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court

3

overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Here, petitioner's reasoning does not justify reconsideration of the Court's prior order. Petitioner does not identify controlling decisions or data that the Court overlooked which would reasonably change the Court's prior decision. Instead, he just proffers conclusory arguments that the Court's decision was incorrect. However, petitioner's disagreement with this Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007).

Further, petitioner's assertions that this information should be included in the State Court Record are premature because the respondent has yet to provide said record. The Court directed the respondent to answer the petition on or before October 18, 2021. July Order at 5-6. In addition to that answer, the respondent has the duty to produce all relevant state court records and transcripts to the Court. *See* Rule 5, Rules Governing Section 2254 Cases in the United States District Courts. If, after respondent provides the State Court Record to the Court, petitioner thinks that something is missing from those records, petitioner is to inform the Court, specifying exactly what information is missing and why it is essential to proving his claims in the presently pending petition. The Court can then determine if more information is required to supplement the record. Until the Court is able to see the

documents which are presented, it is too early to know whether the submission will be included in the State Court Record.  Further, until the Court is provided with the parties' arguments from the collateral state court challenges and the subsequent state court decisions deciding whether the submission and petitioner's accompanying claims had merit, the Court is unable to verify petitioner's contentions that his claims were never considered by the courts.

      **WHEREFORE**, it is

      **ORDERED** that petitioner's motion to reconsider the July Order striking a non-party's submission in support of petitioner, Dkt. No. 24, is **DENIED**; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.


Dated: September 3, 2021
       Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
Chief U.S. District Judge