UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN HORTON,

               Petitioner,

v.                                          9:20-CV-1461
                                                (GTS)

EARL BELL,

               Respondent.
_____

APPEARANCES:                                                    OF COUNSEL:

BENJAMIN HORTON
16-A-3539
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. LETITIA JAMES                                    PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                              Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

      Petitioner Benjamin Horton seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] The Court directed petitioner to file an affirmation clarifying the procedural posture of any pending actions in state court. Dkt. No. 8, Decision and Order ("January Order"). Petitioner timely filed said affirmation. Dkt. No. 11, Affirmation ("Aff.").

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On February 19, 2021, the Court stayed the petition to allow petitioner to exhaust his state court remedies. Dkt. No. 12, Decision and Order ("February Order"). In compliance with the February Order, petitioner began filing status reports with the Court. Dkt. Nos. 13, 15, 17, Status Reports.

After receiving petitioner's April Status Report, the Court issued a Decision and Order directing petitioner to clarify whether he wished the stay to be lifted in the case. Dkt. No. 17, Status Report; Dkt. No. 18, Decision and Order ("May Order"). Petitioner timely filed a May Status Report; however, petitioner's instructions therein were contradictory. Dkt. No. 19, Status Report. Accordingly, petitioner was again asked to clarify his position and provide the Court with a copy of the correspondence from the Appellate Division. Dkt. No. 20, Text Order.

Petitioner provided his July Status Report. Dkt. No. 21, Status Report. The Status Report included a letter, written to petitioner from the Clerk's Office of the Appellate Division, Third Department, which referenced a letter received by the Third Department on April 23, 2021. *Id.* at 3. However, the referenced letter was not attached, and petitioner has been unable to acquire it. *Id.* at 1, 3. The Court was still unclear whether petitioner had successfully exhausted his state court remedies; however, because petitioner did not indicate that there was an appeal pending and because he previously requested the stay be lifted, the Court lifted the stay. Dkt. No. 22, Decision and Order ("July Order").

Respondent was directed to answer the petition on or before October 18, 2021. July Order. Presently pending before the Court are petitioner's (1) motion for a stay and (2) application for appointment of counsel. Dkt. No. 28. On September 22, 2021, the Court issued an order staying the answer deadline pending resolution of petitioner's motions. Dkt.

2

No. 29, Text Order. Respondent filed a response to the motion (1) not opposing petitioner's request for a stay and (2) taking no position on petitioner's application for counsel. Dkt. No. 30.

## II.     MOTION FOR A STAY

Petitioner contends that "[d]ue to a mental health melt down . . . [he] will have to go to counseling and change or adjust [his] medications[.]" Dkt. No. 28 at 1. Accordingly, petitioner seeks a stay, for an undisclosed amount of time, so that he can treat his breakdown and regain the ability to concentrate on his legal matters. *Id.* Respondent "does not oppose petitioner's request for a stay while he undergoes medical treatment[; h]owever, . . . [requested] periodic updates so that the Court may determine when it would be appropriate to lift the stay." Dkt. No. 30 at 1.

While the Court is sympathetic to petitioner's plight, there is no discernable reason for a stay at this time. First, given the lack of specificity in petitioner's request, it is unclear what mental health issue petitioner is suffering from, what his prognosis is, and what mental health professionals feel is an appropriate intervention.

Second, even assuming the Court had all of those details and deemed the situation one wherein a stay might be appropriate, it is still unnecessary because the procedural posture of the case does not require petitioner to take any action at this time or for the foreseeable future. Instead, it is respondent's responsibility to next file a document – the answer – with the Court. Petitioner does not have any obligations to file anything else with the Court between now and the answer deadline. Therefore, even without the issuance of a stay, the posture of the case allows petitioner the opportunity to seek mental health treatment during the period of time leading up to the answer deadline without worry.

3

Moreover, even after the answer deadline, any further participation by the petitioner is completely optional. After the answer is filed, the Court will give petitioner an opportunity to file a reply. This is not mandatory; therefore, petitioner need not submit any further filings with the Court before it renders its final decision.

Accordingly, there does not appear to be any interest served, least of all judicial efficiency and a speedy resolution of petitioner's alleged constitutional violations, by issuing another stay in this case. Therefore, petitioner's motion is denied.

### III.   MOTION FOR COUNSEL

Petitioner also requests counsel because (1) he is "in a very dark place and [is] not sure how much [more he] can take[] right now;" and (2) he needs someone to read and explain the legal paperwork and decisions to him. Dkt. No. 28 at 1-2. Petitioner essentially recycles a version of an argument he previously, and unsuccessfully, presented to the Court. *See* May Order at 2-5. For substantially similar reasons, petitioner's third request for appointment of counsel is denied.

There is no constitutional right to representation by counsel in habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."). A court may, in its discretion, appoint counsel for "any financially eligible person" where "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2)(B). In determining whether to appoint counsel, a habeas court

> should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact

4

> finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986); *see also Soto v. Walker*, No. 9:00-CV-0197 (TJM/DEP), 2005 WL 2260340, at *4 (N.D.N.Y. Sept. 15, 2005) (outlining the factors to "consider[:] the petitioner's likelihood of success on the merits of his petition, the complexity of legal issues raised by such application and the petitioner's ability to investigate and present his case to the federal habeas court."). When a petitioner's claims may "'fairly be heard on written submissions,' a habeas petitioner's request for counsel should ordinarily be denied." *Reynolds v. Greene*, No. 9:05-CV-1539 (DNH), 2010 WL 604179, at *2 (N.D.N.Y. Feb. 16, 2010) (quoting *Brito v. Burge*, No. 1:04-CV-1815, 2005 WL 1837954, at *1 (S.D.N.Y. Aug. 3, 2005)). However, pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases, counsel must be appointed if a hearing is required.

While the Court has not determined whether petitioner's claims are likely to be of substance, even assuming that to be true, it is clear that petitioner has not identified any "special reason" why appointing counsel to assist him is warranted. *Hodge*, 802 F.2d at 62. Petitioner again argues that given his underlying mental health conditions, counsel should be appointed to assist him with this action. Dkt. No. 28 at 1-2. However, petitioner's involvement with this case thus far belies any assertion that his mental health illnesses precluded him from being able to present his case in state or federal court. *Hodge*, 802 F.2d at 61-62. Petitioner has, without the benefit of counsel, properly commenced collateral actions in state court to exhaust his remedies; filed two habeas corpus actions in this Court; corrected and recommenced the present action; submitted a petition to which the Court

5

directed a response; moved for, and was granted, a stay in order to exhaust his state court remedies; timely filed status reports and moved to have the stay lifted; and filed three motions for appointment of counsel. The fact that petitioner has not been successful in several of these motions does not automatically mean he is unable to present his claims or independently litigate this action.

Petitioner next argues that his inability to understand the legal documents presented to him necessitates appointment of counsel. As previously explained, the record belies any such claims. Moreover, counsel is not required solely if petitioner thinks appointment of an attorney is necessary because counsel would be more skilled in presenting petitioner's legal arguments. *See Voymas v. Unger*, No. 6:10-CV-0645, 2011 WL 2670023, at *12-13 (W.D.N.Y. July 7, 2011) (holding that despite petitioner's "layman" status, petitioner failed to demonstrate that (1) he was "unable to present the facts relevant to disposition of his habeas petition or to understand his legal position," (2) "the legal issues in his case are so complicated as to require the assistance of an attorney," or (3) "appointment of counsel would lead to a more just determination.").

In sum, nothing in petitioner's litigation history thus far has demonstrated that his mental health conditions prevented him from successfully pursuing various forms of relief available to a petitioner in a habeas corpus action. Moreover, the content of the petition does not suggest that petitioner's claims "are overly complex" or that, at this point, "appointment of counsel would be more likely to lead to a just determination." *Brito*, 2005 WL 1837954 at *2 (citing *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994). Further, without the benefit of respondent's answer and the relevant documentation regarding the underlying state court proceedings and decision, it is too early to determine

whether a hearing is necessary. Accordingly, at this juncture, there appears to be no special reason to appoint counsel. Moreover, there is certainly nothing mandating the Court to do so.

Petitioner is reminded that no further action is required at this time. Respondent's answer was stayed pending resolution of the instant motions. The Court will sua sponte extend respondent's deadline. Accordingly , the answer is due on or before November 15, 2021. Upon receipt of the answer, the Court will set the deadline for petitioner's reply. Petitioner may, but is not required to, file said reply which addresses the arguments raised by the respondent in his answer and memorandum of law in opposition to the petition.

## III.  CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's request to stay the present proceedings while he receives mental health treatment, Dkt. No. 28, is **DENIED**; and it is further

**ORDERED** that petitioner's third motion for appointment of counsel, Dkt. No. 28, be **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the answer is due on or before November 15, 2021; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: October 26, 2021

Hon. Glenn T. Suddaby
Chief U.S. District Judge