UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

BENJAMIN HORTON,

                              Petitioner,

         v.                                                        9:20-CV-1461
                                                                   (GTS)

EARL BELL,

                              Respondent.

_____

APPEARANCES:                                          OF COUNSEL:

BENJAMIN HORTON
16-A-3539
Petitioner, pro se
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

HON. LETITIA JAMES                                    PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                               Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, New York 10005

GLENN T. SUDDABY
Chief United States District Judge

**DECISION and ORDER**

## I.      INTRODUCTION

Petitioner Benjamin Horton seeks federal habeas relief pursuant to 28 U.S.C. § 2254.

Dkt. No. 1, Petition ("Pet.").[1]  The Court directed petitioner to file an affirmation clarifying the

procedural posture of any pending actions in state court.  Dkt. No. 8, Decision and Order

---

[1]  For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the
Court's electronic filing system.

("January Order").  Petitioner timely filed said affirmation.  Dkt. No. 11, Affirmation ("Aff.").

On February 19, 2021, the Court stayed the petition to allow petitioner to exhaust his state court remedies.  Dkt. No. 12, Decision and Order ("February Order").  In compliance with the February Order, petitioner began filing status reports with the Court.  Dkt. Nos. 13, 15, 17, 19, 21, Status Reports.  On July 19, 2021, the stay was lifted.  Dkt. No. 22, Decision and Order ("July Order").

Respondent was directed to answer the petition on or before October 18, 2021.  July Order.  Petitioner then moved for (1) a stay and (2) appointment of counsel.  Dkt. No. 28.  On September 22, 2021, the Court issued an order staying the answer deadline pending resolution of petitioner's motions.  Dkt. No. 29, Text Order.  Respondent filed a response to the motion (1) not opposing petitioner's request for a stay and (2) taking no position on petitioner's application for counsel.  Dkt. No. 30.  On October 26, 2021, the Court denied petitioner's motions.  Dkt. No. 31, Decision and Order ("October Order").

On November 4, 2021, the Court received petitioner's motion for reconsideration of the October Order and an affidavit in support of said motion.  Dkt. No. 32, Motion; Dkt. No. 33, Affidavit ("Aff.").  Petitioner argues that (1) the October Order is not fair; (2) the Court is exhibiting favoritism towards the respondent for giving him additional, unwarranted time to respond; and (3) petitioner is innocent because "there is no factual proof or physical evidence" demonstrating his guilt.  Motion at 1-2.  Petitioner's affidavit includes a recitation of his criminal history, as well as an explanation as to why he is innocent of the state criminal charges for which he was convicted.  Aff. at 1-5.

II.     DISCUSSION

    A.      Reconsideration

"The standard for . . . [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007).

Here, petitioner's reasoning does not justify reconsideration of the Court's prior order. Petitioner does not identify controlling decisions or data that the Court overlooked which would reasonably change the Court's prior decision. Instead, petitioner proffers conclusory arguments that the Court's decision was incorrect allegedly supported by an irrelevant, self-serving affidavit proclaiming his innocence. As has been stated before, "petitioner's disagreement with this Court's decision is not a basis for reconsideration." Dkt. No. 26, Decision and Order, at 4 (denying reconsideration of the Court's Text Order, Dkt. No. 25, and citing *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)).

## B.    Extension Requests

Petitioner's final argument is that the Court is exhibiting favoritism towards respondent because the answer deadline was extended. Motion at 1. The Federal Rules vest discretion to determine extensions with the district court and provide that extensions should be given when good cause supports them. Fed. R. Civ. P. 6(b)(1). Initially, the respondent's answer

3

was due on October 18, 2021.  On September 20, 2021, almost a month before the answer deadline, the Court, sua sponte, stayed the answer deadline in response to petitioner's motion to stay the case.  Dkt. No. 29, Text Order.  This was pursuant to the authority vested in the Court, by Rule 6, and was supported by good cause.  Specifically, for the sake of judicial efficiency and conservation of resources, it did not make any sense to require respondent to file an answer while the motion to stay – which could change the trajectory of the habeas claims if not resolve them altogether -- was pending.  When the October Order was issued denying the stay, the Court also directed respondent to file the answer on or before November 15, 2021.  October Order at 7.  Accordingly, the Court has complied and made decisions consistent with the Federal Rules failing to evince any favoritism.

Currently before the Court is respondent's letter motion requesting a brief extension of time to file the answer.  Dkt. No. 34.  Respondent's counsel indicates that, *inter alia*, she is still awaiting documents from the state courts to finish compiling the state court record.  *Id.* at 1.  As this constitutes good cause, since the respondent's counsel is obligated to provide a complete state court record and the delay has been caused through no fault of her own, the brief extension is granted.

III.    **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to reconsider the October Order denying petitioner's request to stay the present proceedings and appoint him counsel, Dkt. No. 32, is **DENIED**; and it is further

**ORDERED** that respondent's request for an extension, Dkt. No. 34, is **GRANTED**. Respondent's answer is due on or before November 30, 2021.  After the answer has been

filed, petitioner may, but is not required to, file a reply within thirty (30) days of the filing date of respondent's answer; and it is further

      **ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: November 15, 2021
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge